UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER MONTGOMERY                                               PLAINTIFF

v.                                         CIVIL ACTION NO. 3:22CV-P364-JHM

LT. BENJAMIN HARRISON *et al.*                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Montgomery filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court on the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Lt. Benjamin Harrison and Lt. Olivia Henson (DN 18). Plaintiff filed a response (DN 29), and Defendants filed a reply (DN 30). For the reasons stated below, the motion to dismiss will be denied.

**I.**

Because Plaintiff is a prisoner "seek[ing] redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), the Court was required to review the pleadings under 28 U.S.C. § 1915A(b) prior to service on Defendants. Under § 1915A(b), "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review pursuant to § 1915A, the Court allowed Plaintiff's Eighth Amendment excessive-force claim to proceed against Defendant Harrison in his individual capacity and allowed his Eighth Amendment failure-to-protect claim to proceed against Defendant Henson in her individual capacity.

Defendants now move the Court to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under § 1915A as they do when addressing a motion to dismiss under Rule 12(b)(6). *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-cv-0064, 2012 U.S. Dist. LEXIS 64231, at *12-13 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). "[A] motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 U.S. Dist. LEXIS 107901, at *4 (D. Ariz. Aug. 2, 2012).

Under both § 1915A and Fed. R. Civ. P. 12(b)(6), to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.

In their motion to dismiss, Defendants seek dismissal on grounds that Plaintiff failed to exhaust administrative remedies before filing suit as required by the Prison Litigation Reform Act (PLRA). The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates "are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204). The Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment. *See, e.g.*, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). The Sixth Circuit came to this conclusion because proof of failure to exhaust generally requires reliance on matters outside the pleadings, such as affidavits or documentary evidence, which is not permitted in a Rule 12(b)(6) motion. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)).

Defendants maintain, "Plaintiff did not file any grievances related to any events he alleges in the Complaint or Amended Complaint. Plaintiff affirmatively stated in his Complaint [DN 1] that he filed no grievances related to the events he alleges occurred on May 13, 2022." (DN 18,

3

PageID.60-61). Defendants attach to their motion the Kentucky Department of Corrections (KDOC) Inmate Grievance Procedure, the Inmate Handbook at Plaintiff's prison, and an affidavit from a Roederer Correctional Complex litigation coordinator who avers that he reviewed the institution's records and found no grievances filed by Plaintiff related to the occurrences alleged in this action. (*Id.*, PageID.64-103).

In Plaintiff's original complaint, which was not filed on this Court's approved form, Plaintiff indicated that he did not file a grievance. (DN 1, PageID.6). He also stated, "I did not need to file one due to the warden's and unit admin and also Internal Affair's doing an emergency investigation." (*Id.*, PageID.7). The Court entered an Order finding that the Court's Local Rules require that a *pro se* civil rights complaint must be filed on this Court's approved form, directing Plaintiff to file an amended complaint on this Court's approved form, and stating that the amended complaint would supersede the original complaint. (DN 7). Plaintiff filed a superseding amended complaint which makes no reference to exhaustion. (DN 8). The Court conducted initial review of the superseding amended complaint only. (DN 9).

Therefore, Plaintiff's statements in the original complaint regarding exhaustion were superseded by the amended complaint, which did not say anything about exhaustion. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes."). However, even if the original complaint were the operative complaint, Plaintiff stated in the original complaint that he did not file a grievance because an emergency investigation was being conducted. (DN 1, PageID.6). Further, in his response to the motion to dismiss, Plaintiff states that he "was not able to file the proper paperwork due to an emergency investigation done by Internal Affair's the deputy wardens

4

and warden where upon the Plaintiff was then transferred the following day." (DN 29, PageID.123).

While the PLRA's exhaustion requirement is a strict rule, the requirement is premised "on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.'" *Doe 8-10 v. Snyder*, 945 F.3d 951, 962 (6th Cir. 2019) (alteration in original) (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)). Whether administrative remedies were in fact available to Plaintiff cannot be established based on the face of the pleadings but would require the Court to review matters outside the pleadings, such as the grievance policies and procedures and affidavit attached by Defendants to the motion. As the Court stated above, considering materials outside the pleadings is not permissible in ruling on a Rule 12(b)(6) motion. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997)) (stating that considering an affidavit attached to a motion to dismiss "would require the Court to consider materials outside the pleadings, which is not permissible at this stage"). Therefore, the motion to dismiss must be denied.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 18) is **DENIED**.

**Defendants shall file an answer within 21 days of the entry of this Memorandum Opinion and Order.**

Date: April 25, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.010

5